## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHIRLON MAYNARD**<br>**2532 Lisa Drive**<br>**Waldorf, Maryland 20601**<br><br>              **Plaintiff**<br><br>        **v.**<br><br>**THE ARCHITECT OF THE CAPITOL**<br>**c/o General Counsel**<br>**Ford House Office Building H2-265A**<br>**Second and D Streets SW**<br>**Washington, DC 20515**<br>            **Defendant** | )<br>)<br>)<br>)<br>)<br>)<br>)    **Civil Action**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT

Plaintiff, Shirlon Maynard, brings this civil action against Defendant, the Architect of the Capitol (AOC) because the AOC has failed to pay Plaintiff, who is the Plaster Leader in the Paint Shop, the environmental hazard-pay to which he is entitled as a result of his regular exposure to lead based paint and asbestos.

Facing spending pressures, the Architect stopped using professional hazardous materials experts to abate lead paint from the Buildings that House Congressional Offices.  Rather than pay professionals to do the abatement work, the Architect assigned its painters and plasterers to perform the abatement with minimal training and supervision.  Due to their lack of training and experience, as well as irresponsible and dangerous work instructions, numerous instances of unsafe work practices resulted in Plaintiff regularly working with toxic substances, including lead paint, asbestos and silica.

Despite requiring Mr. Maynard, and others, to work with these hazardous materials, the AOC failed to change Mr. Maynard's "Rate of Basic Pay" to include the 8% environmental hazard

pay premium to which he is entitled and has therefore failed to pay him the appropriate hourly rate, including when he works overtime, in violation of the Congressional Accountability Act.

## JURISDICTION

1. Plaintiff invokes the jurisdiction of this Court pursuant to the Congressional Accountability Act of 1995 (2 U.S.C. §1408 (a)), as well as 28 U.S.C. § 1331 (Federal Question), 5 U.S.C. § 5596 (Back pay act).

2. This is an action authorized and instituted pursuant to the Congressional Accountability Act, (2 U.S.C. § 1301 *et seq*.).

3. The unlawful employment practices alleged in this Complaint were committed in the District of Columbia.

4. Plaintiff is a current employee of the Architect of the Capitol.

5. Defendant Architect of the Capitol (Architect or AOC) is an "Employing Office" covered by the Congressional Accountability Act (2 U.S.C. § 1301(9)(D)).

6. AOC is headquartered in the District of Columbia.

7. 2 U.S.C. § 1313 of the Congressional Accountability Act extends the rights and protections of 29 U.S.C. §§ 206(a)(1) and (d), as well as 29 U.S.C. § 207, and 29 U.S.C. § 212(c) of the Fair Labor Standards Act to employees of the Architect of the Capitol and required the Board of the Office of Compliance to propound regulations to implement the above-referenced sections of the Fair Labor Standards Act.

8. 2 U.S.C. 1313(a), incorporating by reference 29 U.S.C. 207(a), requires the Architect to pay Plaintiff overtime wages at 1.5 times Rate of Basic Pay.

9. The regulations applicable to the Architect require the Architect to pay Wage Grade employees, such as Mr. Maynard, their Rate of Basic Pay, which includes "The scheduled rate of pay plus any applicable night shift or environmental differential."

10.    The Architect's internal regulations (*inter alia*), including HRMD Manual Chapter 532 (Appendix B), require it to include an 8% environmental hazard pay premium in Plaintiff's Rate of Basic Pay because he is required to work in "close proximity to poisons (toxic chemicals) which involve potential serious personal injury such as permanent or temporary, partial or complete loss of faculties and/or loss of life including exposure of an unusual degree to toxic chemicals, dust, or fumes of equal toxicity generated in work situations by processes [and/or] required to perform work assignments wherein protective devices and/or safety measures have been developed but have not practically eliminated the potential for such personnel injury."

11.    Plaintiff has satisfied all administrative and judicial prerequisites to the institution of this action. The Plaintiff filed a timely Request for Counseling on September 13, 2018 to raise the wage theft claim. That claim was filed within 180 days of the failure to pay Plaintiff at the correct rate for his overtime work.  Plaintiff engaged in the counseling process and filed a timely Request for Mediation on October 22, 2018, within 15 days of the conclusion of the Counseling Period.  Mediation closed on November 21, 2018.  Plaintiff files this suit after the expiration of 30 days from the end of the Mediation Period, and before the expiration of 90-days.

## FACTS

12.    Plaintiff is currently employed as a Plaster Leader at the Architect, in the House Office Buildings Jurisdiction.

13.    At all times relevant to this complaint, Plaintiff has regularly been required to either abate lead paint without proper safety equipment and/or precautions or to work in close proximity to other Architect employees who are abating lead paint without proper safety equipment and/or safety precautions.

14.     At all times relevant to this complaint, Plaintiff has regularly been required to work near asbestos containing materials without proper safety equipment and/or safety precautions.

15.     At no time has the AOC paid Plaintiff the environmental hazard pay premium of 8%.

16.     At no time has the AOC paid Plaintiff overtime wages that include the environmental hazard pay premium of 8%.

## COUNT I: WAGE THEFT

17.     Plaintiff repeats and reavers each of the foregoing paragraphs as if they were specifically restated here.

18.     Due to the fact that Plaintiff regularly works in close proximity to toxic substances (including asbestos and lead paint), Plaintiff is entitled to an environmental hazard differential pay of 8% to be included in his Base Rate of Pay.

19.     The Architect of the Capitol has never paid Plaintiff the environmental hazard pay to which he is entitled on either regular time or overtime.

20.     Plaintiff is entitled to his lost wages because of the Architect's failure to pay him environmental hazard pay and liquidated damages under the Congressional Accountability Act, as well as backpay – pursuant to 5 U.S.C. § 5596.

## COUNT II: DECLARATORY RELIEF

21.     Plaintiff repeats and reavers each of the foregoing paragraphs as if they were specifically restated here.

22.     Due to the fact that Plaintiff regularly works in close proximity to toxic substances (including asbestos and lead paint), Plaintiff is entitled to a Declaratory Judgment that he is entitled to the environmental hazard differential pay of 8% to be included in his Base Rate of Pay for all hours that he works on regular time, in addition to overtime.

23.     The Architect of the Capitol has never paid Plaintiff the environmental hazard pay to which he is entitled on either regular time or overtime.

24.     Plaintiff requests Declaratory Relief, pursuant to 28 U.S.C. § 2201, in the form of a judicial declaration that he is entitled to the 8% environmental hazard pay, as well as backpay – pursuant to 5 U.S.C. § 5596.

WHEREFORE, Plaintiff prays that this Court: (i) declare that the employment practices complained of in this Complaint are unlawful in that they violate the Congressional Accountability Act; (ii) declare that Plaintiff is entitled to have his Base Rate of Pay calculated such that it includes the 8% differential; (iii) permanently enjoin the Defendant and its agents, officers and employees from engaging in all practices found by this Court to be in violation of the Congressional Accountability Act; (iv) order the Defendant to make the Plaintiff whole by paying him any monetary and/or liquidated damages, including back pay, proved at trial in addition to compensatory damages in an amount to be determined at trial; (v) retain jurisdiction over this action to ensure full compliance with the Court's orders and require the Defendant to file such reports as the Court deems necessary to evaluate such compliance; (vii) order the Defendant to pay Plaintiff's costs and expenses and reasonable attorneys' fees in connection with this action; and (viii) grant such other and further relief to the Plaintiff as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully Submitted,
ALDERMAN, DEVORSETZ & HORA, PLLC


Leslie D. Alderman III (D.C. # 477750)
1025 Connecticut Ave., NW
Suite 615
Washington, DC 20036
Tel: 202-969-8220
Fax: 202-969-8224
lalderman@adhlawfirm.com
Attorney for the Plaintiff